AO 245B   (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
v.
ELIZABETH THEVENOT

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   1:07CR655-01(LAK)

USM Number:   59958-054

Gary Maitland, Esq. (212)629-4970
Defendant's Attorney

**THE DEFENDANT:**

✓ pleaded guilty to count(s)   One

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 641 | Theft of Public Money | 10/31/06 | One |

   The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

   Count(s)  ☐ is   are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/21/2007
Date of Imposition of Judgment

_____
Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

12/21/07
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/07

DEFENDANT: **GARY MAITLAND**
CASE NUMBER: 1:07CR655-01(LAK)

# PROBATION

The defendant is hereby sentenced to probation for a term of :
**2 Years**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

✓ The above drug testing condition is suspended, based on the court's determination that the defendant poses a future substance abuse. (Check, if applicable.)

✓ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✓ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
Sheet 4B — Probation

Case 1:07-cr-00655-LAK   Document 17   Filed 12/21/2007   Page 3 of 6

Judgment—Page __3__ of __6__

DEFENDANT: Elizabeth Thevenot
CASE NUMBER: 1:07cr655-01(LAK)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with any financial information he or she may request.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless she is in compliance with the installment payment schedule previously imposed.

The defendant shall comply with the conditions of home confinement for a period of 4 months commencing a date determined by her probation officer. During the periods of home confinement, the defendant shall not leave her residence except for employment and such other purposes as may be approved by her probation officer. If so directed by the probation officer, She shall wear an electronic monitoring device and comply with conditions of electronic monitoring as directed by the probation office.

The defendant shall report to the nearest probation office within 72 hours after she is released from custody.

DEFENDANT: ELIZABETH THEVENOT
CASE NUMBER: 1:07CR655-01(LAK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|---------|-----------------|
| TOTALS | $ 100         | $ 1,000 | $ 23,384        |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

✓ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| New York City Housing Authority<br>Office of Inspector General<br>250 Broadway, 28th Floor<br>New York, NY 10007 | 23,384 | 23,384 | |
| **TOTALS** | $ 23384 | $ 23384 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ELIZABETH THEVENOT
CASE NUMBER: 1:07CR655-01(LAK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ✓ Lump sum payment of $ __100__ due immediately, balance due

    ☐ not later than _____ , or
    ✓ in accordance    ☐ C,    ☐ D,    ☐ E, or    ✓ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✓ Special instructions regarding the payment of criminal monetary penalties:

    See judgment page 7 of 7 for special condition.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case                                    Sheet 6 — Schedule of Payments

Judgment — Page 6of 6

DEFENDANT: ELIZABETH THEVENOT
CASE NUMBER:1:07CR655-01(LAK)

# SCHEDULE OF PAYMENTS

The fine and restitution shall be payable in monthly installments commencing on 1/2/08 with payments being applied to the resitution obligation until it is satisfied and then to the fine obligation.

Each monthly payment shall be equal to the sum of the Earned Income Amount and the Other Income Amount.  The term Earned Income means remuneration for personal services.  The term Other Income means revenues from all other sources, except public assistance, monthly child support payments of $450, and unemployment insurance compensation.  The term Earned Income Amount is defined as 10% of the defendant's Earned Income, up to $2,000, plus 20% of Earned Income in excess of $2,000 or up to $3,000, plus 30% of Earned Income in excess of $3,000 and up to $5,000, plus 45% of Earned Income in excess of 5,000, in each case for the preceding month.  The term Other Income Amount is defined as 80% of the defendant's Other Income for the preceding month.